Matter of J.T. (2024 NY Slip Op 50846(U))

[*1]

Matter of J.T.

2024 NY Slip Op 50846(U)

Decided on July 5, 2024

Supreme Court, Kings County

Freier, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 5, 2024
Supreme Court, Kings County

In the Matter of J.T., An Incapacitated Person, Now Deceased.

Index No. 104155/1996

Petitioner's Counsel: 
Saadya T. Bendelstein
Law Office of Saadya T. Bendelstein
463 Beach 6th St
Far Rockaway, NY 11691
Department of Social Services/Office of Legal Affairs' Counsel:
Department of Social Services/Office of Legal Affairs
Robert Luttrell
150 Greenwich St, Fl 38,
New York, NY 10007

Rachel E. Freier, J.

Upon the Order to Show Cause dated March 27, 2024, and the hearing held on May 3, 2024, and the appearances of SAADYA T. BENDELSTEIN, ESQ., attorney for Petitioner, D.T., Guardian of the Person and Property of J.T., and ROBERT LUTTRELL, ESQ., on behalf of the Department of Social Services; and
Upon review of the record and all relevant pleadings; it is hereby
ORDERED, that the motion by counsel for the Petitioner to have the Court set aside $50,000.00 from the Estate of J.T.to create a memorial fund and for such amount to take precedent over the Department of Social Services' Claim is DENIED.
By Order and Judgement of this Court dated February 5, 1997, D.T. was appointed guardian of the person and property of her son, J.T., after he suffered an accident that resulted in brain damage, bringing untold tragedy upon the family. Pursuant to that Order and Judgement, the Guardian is authorized to pay for reasonable funeral expenses upon the death of the incapacitated person in accordance with MHL 81.21(a)(14). Thereafter, the J.T. Supplemental Needs Trust (hereinafter "the Trust") dated March 14, 2000, and duly acknowledged on February 21, 2001, was established by D.T., Settlor and Trustee. According to section 3.2 of the Trust, the Trust terminates upon the death of J.T., the beneficiary. Moreover, the Trust authorizes the Trustee to withhold a set [*2]amount to pay for the funeral expenses of the beneficiary. According to the final accounting, the set amount allowed for funeral and burial expenses totaled $25,780.00. Furthermore, under section 3.3, upon termination, "the City of New York shall be reimbursed for the total medical assistance provided to J.T., from the date of the settlement to the date of death out of the estate of J.T., as consistent with federal and state laws."
J.T. passed away on April 5, 2020. From February of 1997 to April of 2020, D.T. diligently served as her son's guardian and trustee with devotion that only a mother can provide. An Order of this Court dated November 14, 2023, directed review of the final accounting and appointed LEONARD SPECTOR, ESQ., as Referee to review the final account. The Guardian filed a final accounting for the period of January 1, 2019, to July 31, 2023. The Referee reviewed the final accounting and submitted a referee report dated November 22, 2023. Pursuant to the final accounting, a total of $25,780.00 was spent in funeral and burial expenses for J.T. Additionally, a Medicaid lien in the amount of $3,208,933.52 exists as a claim against the Estate of J.T. There remains approximately $800,000.00 in the Trust.
The instant Order to Show Cause seeks to have this Court (1) allow the Estate of J.T.to set aside $50,000.00, from the Supplemental Needs Trust, to be placed in a memorial trust to be used to pay for yearly memorial services for J.T.; (2) permit D.T. to choose the trustee, and M.T. to choose the trustee in the event D.T. predeceases the trust; and (3) order that the money set aside to be placed in the memorial trust for memorial services take priority over the New York State Department of Social Services Lien on the Estate of J.T.
A "supplemental needs trust [is] a discretionary trust established for the benefit of a person with a severe and chronic or persistent disability" (EPTL § 7-1.12(a)(5)). Assets placed into a supplemental needs trust are considered unavailable resources for purposes of assessing a recipient's eligibility for Medicaid benefits (Cricchio v Pennisi, 90 NY2d 296, 303 [1997]). Furthermore, a supplemental needs trust "grants to the State a remainder interest in the trust assets remaining at the recipient's death up to the amount of all public assistance provided" (Id). Lastly, "the State's right to reimbursement occurs only upon the death of the beneficiary, when the life-enhancing purpose of the trust can no longer be effectuated" (In re Abraham XX., 11 NY3d 429, 437 [2008]).
Here, the Guardian established a supplemental needs trust to qualify J.T. for government benefits. J.T. utilized the benefits of the Trust and received medical care under Medicaid from approximately 2001 to 2020. In accordance with EPTL 7-1.12, the Trust provides that upon the death of J.T., the trust is settled, and the City of New York shall be reimbursed for the total medical assistance provided.
J.T. passed away over four years ago and pursuant to the final account, the Trust paid funeral and burial expenses in the amount of $25,780.00. The Court acknowledges D.T.'s selfless service as her son's guardian for the past twenty-three years and her sacrifices making her son's life meaningful, albeit as an incapacitated person; however, unfortunately, at this late juncture, while the Court recognizes D.T.'s sacrifices and the comfort a memorial would provide, the Court no longer has any discretion or authority to amend the terms of the settled Trust. Therefore, the motion to set aside $50,000.00 for a memorial fund is unfortunately denied; and it is further
ORDERED that the remainder of the motion is therefore DENIED as moot; and it is further
ORDERED, that within thirty (30) days of the date of this order, the Guardian shall move on notice to all parties for judicial settlement of the Final Account and such motion shall contain as exhibits the Referee's Report, the final account, and a copy of this order, and a proposed order settling the Final Account, in addition to any affirmation of services.
This is the Decision and Order of the Court. 
Dated: July 5, 2024
Kings County Supreme Court
HON. RACHEL E. FREIER, J.S.C.